UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JOHNATHAN JOHNSON,

                              Petitioner,

   -against-

DAVID ROCK, Superintendent of Upstate
Correctional Facility,

                             Respondent.
---------------------------------------------------------X

10-CV-4106 (ARR)

<u>NOT FOR ELECTRONIC OR
PRINT PUBLICATION</u>

<u>ORDER</u>

ROSS, United States District Judge:

On July 15, 2010, petitioner Johnathan Johnson, currently incarcerated at Upstate Correctional Facility, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Northern District of New York. By order dated September 8, 2010, the petition was transferred to this court. Petitioner challenges a 1988 Queens County conviction for robbery in the first degree. As set forth below, this court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit.

By order dated April 12, 1991, this court denied Petitioner's habeas petition challenging the same 1988 robbery conviction. See <u>Johnson v. Bartlett</u>, No. 90-CV-4241 (JBW). This court has since rejected several successive petitions challenging the same conviction. See <u>Johnson v. New York State</u>, No. 90-CV-2776 (CPS) (petition denied May 29, 1992); <u>Johnson v. Leandro</u>, No. 92-CV-3088 (CPS) (petition denied Dec. 21, 1992). The Second Circuit has rejected Petitioner's applications to file successive petitions challenging the same conviction. See <u>New York State</u>, No. 90-CV-2776 (applications denied by Second Circuit July 19, 2002, Nov. 4, 2003, March 30, 2004 and July 14, 2005); <u>Leandro</u>, No. 92-CV-3088 (applications denied by Second Circuit Feb. 2, 2004, March 31, 2004, July 13, 2009, and Aug. 18, 2010). In the instant petition, Johnson once again challenges the same 1988 robbery conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). Therefore, notwithstanding petitioner's claim of newly discovered evidence, he must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Torres, 316 F.3d at 151-52 (citing Liriano v. United States, 95 F.3d 119 (2d Cir. 1996) (*per curiam*)). This order closes this case. If the Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen under this docket number.

SO ORDERED.

Dated: November 3, 2010
      Brooklyn, New York         /Signed by Judge Ross/

                                                Allyne R. Ross
                                                United States District Judge